KING et al. v. EIDMAN.

(Circuit Court, S. D. New York.  October 28, 1903.)

1. INTERNAL REVENUE—LEGACY TAX—CONSANGUINITY.
    A legacy to a son-in-law of the testator is subject to tax under the fifth clause of section 29 of the war revenue act of June 13, 1898, c. 448, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2308], as one to a stranger in blood.

Action to Recover Legacy Tax Paid.

Chas. Duane Baker, Asst. U. S. Atty., for the demurrer.
J. G. K. & F. L. Lee, opposed.

WALLACE, Circuit Judge.  Unless a son-in-law is a blood relation of his father-in-law, the legacy tax in controversy was correctly assessed.  The complaint does not allege that there was any degree of lineal or collateral consanguinity between the testator and his son-in-law.  The question seems too plain for serious discussion.

Demurrer sustained, with costs.

---

THE FRANK S. HALL.

THE BERMUDA.

(District Court, E. D. Pennsylvania.  March 10, 1904.)

No. 50.

1. COLLISION—VALUE OF SCHOONER—FINDING OF COMMISSIONER.
    The finding of a commissioner as to the value of a schooner sunk in collision confirmed.

In Admiralty.  Suit for collision.  On exceptions to report of commissioner.
See (D. C.) 116 Fed. 559; 128 Fed. 816.

Flanders & Pugh, for libelant.
John F. Lewis, for respondent.

J. B. McPHERSON, District Judge.  There is no dispute concerning the measure of damages that ought to be applied in this case.  It is the market value of the schooner at the time she was sunk, the whole controversy being a dispute of fact concerning what that value was.  The libelant declares that the vessel was worth $8,000, while the respondent's position is that $1,800 to $2,000 would be an ample allowance.  The evidence ranges from $1,000 to $2,000, and the commissioner has found the value to be $3,000, with which finding I do not see my way to disagree.  He has heard the witnesses—or nearly all of them—has given the testimony very careful consideration, and I adopt his report as the opinion of the court.

The exceptions are dismissed, and the clerk is directed to enter the decree recommended by the commissioner.